**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| **MARTIN J. WALSH,**<br>**SECRETARY OF LABOR,**<br>**UNITED STATES DEPARTMENT**<br>**OF LABOR,**<br>       *Plaintiff,*<br>v.<br><br>**EXECUTIVE RELOCATION**<br>**401(K) PLAN,**<br><br>       *Defendant.* | Civil Action No. 3:22-cv-72<br><br>**COMPLAINT** |

# COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), alleges:

## JURISDICTION AND VENUE

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, *et seq.*, and is brought by the Secretary under ERISA § 502(a)(2) and (a)(5), 29 U.S.C. § 1132(a)(2) and (a)(5), to enjoin acts and practices which violate the provisions of Title I of ERISA, and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

2. This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. The Executive Relocation 401(k) Plan (the "Plan") is an employee benefits plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA, pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

4. Venue of this action lies properly in the United States District Court for the Southern District of Iowa, under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan was administered in Des Moines, Iowa, which is within this district.

## DEFENDANT

5. The Plan was administered by Midwest Moving/Executive Relocation Services, d/b/a Executive Relocation Services, Inc. ("ERS" or the "Company"), which was incorporated in the State of Iowa effective October 24, 1986.

6. The Plan is a defined contribution retirement savings plan, established during the existence of ERS.

7. The Plan is named as a Defendant herein pursuant to Federal Rule of Civil Procedure 19(a) solely to assure that complete relief can be granted.

8. At all relevant times herein, ERS was Plan Sponsor and Plan Administrator for the Plan; was a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); and was a party in interest to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

## GENERAL ALLEGATIONS

9. The State of Iowa dissolved ERS on August 5, 2002.

10. On November 11, 2019, Joseph R. Karge, Jr., the sole owner of ERS from 1986 to 2002, as well as the Plan Trustee, died.

11. As a result of Mr. Karge's death, there exists no one to administer or terminate the Plan. Further, participants and beneficiaries of the Plan have been unable to access their individual account balances since Mr. Karge's death.

12. Assets of the Plan are presently held by American Funds Service Company ("American Funds").

13. Upon information and belief, the Plan currently possesses assets totaling $5,361.26, and has a total of two (2) participants.

14. No individual or entity has taken fiduciary responsibility for the operation and administration of the Plan and its assets since the death of Mr. Karge.

15. The Plan has not been formally terminated.

16. At the time of its dissolution in 2002, ERS never appointed a discretionary fiduciary to administer and manage the Plan in its place, or to ensure the orderly termination and liquidation of the Plan. The Plan now stands abandoned after the death of Plan Trustee, Joseph R. Karge, Jr. The Plan has no other named fiduciary with the authority of administration. Participants are unable to access their accounts or to obtain distribution or rollover of Plan accounts. Moreover, American Funds is unable to disburse assets without the direction of a Trustee, a named fiduciary, or a court-appointed successor fiduciary.

## VIOLATIONS OF ERISA

17. Because of the facts and circumstances set forth in Paragraphs 9 through 16 above, the Plan does not have named fiduciaries or trustees with exclusive authority and discretion to manage and control the operation of the Plan and its assets as required by ERISA § 402(a), 29 U.S.C. § 1102(a) and ERISA § 403(a), 29 U.S.C. § 1103(a). There is no one other than this Court with the authority to appoint a new trustee.

18. Because of the facts and circumstances set forth in Paragraphs 9 through 16 above, participants are unable to liquidate their accounts, either to reinvest them in other tax-qualified retirement savings vehicles before retirement, or to draw them down upon retirement. Because the

basis upon which payments are made from the Plan are not and cannot be specified without a Trustee, the Plan exists in violation of ERISA § 402(b)(4), 29 U.S.C. § 1102(b)(4).

WHEREFORE, pursuant to Section 502(a)(5) of ERISA, 29 U.S.C. § 1132(a)(5), Plaintiff prays that the Court:

    a.    Appoint an Independent Fiduciary to the Plan, with plenary authority to sell the Plan assets, identify any legitimate creditors of the Plan, and pay the amount of their claims, and distribute the Plan's remaining assets to eligible participants and service providers;

    b.    Grant the Independent Fiduciary the authority and duty to terminate the Plan;

    c.    Authorize the Independent Fiduciary to retain such assistance as it may require, including attorneys, real estate brokers, accountants, contract administrators, and other service providers; and

    d.    Provide such other further relief as the Court deems just and proper.

**Dated: October 19, 2022**

| | |
|---|---|
| **SEEMA NANDA**<br>Solicitor of Labor<br><br>**CHRISTINE Z. HERI**<br>Regional Solicitor<br><br>**EVERT H. VANWIJK**<br>Associate Regional Solicitor | /s/ Boyce N. Richardson<br>**BOYCE N. RICHARDSON**<br>Attorney (Mo. Bar No. 62509)<br><br>OFFICE OF THE SOLICITOR<br>U.S. DEPARTMENT OF LABOR<br>2300 Main Street \| Suite 10100<br>Kansas City, MO 64108<br>(816) 285-7270 (Direct)<br>(816) 285-7287 (Fax)<br>Richardson.Boyce.N@dol.gov<br>sol.kc.docket@dol.gov<br><br>Attorneys for the **Secretary of Labor** |